# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CAROLYN SUE SCHMIDT,           )
                               )
        Plaintiff,         )
                               )
                               )   CIVIL ACTION
v.                             )
                               )   No. 17-4105-JWL
NANCY A. BERRYHILL,            )
Acting Commissioner of Social Security, )
                               )
        Defendant.         )
_____)

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Acting Commissioner of Social Security (hereinafter Commissioner) denying Disability Insurance Benefits (DIB), and Supplemental Security Income (SSI) benefits pursuant to sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act, 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding no error in the ALJ's decision, the court ORDERS that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

**I.    Background**

On January 12, 2018 Plaintiff filed both a "Motion for Judgment on the Pleadings" (Doc. 9), and a "Brief of Plaintiff in Support of Her Motion for Judgment on the Pleadings." (Doc. 10) (docketed as "Plaintiff's Social Security Brief"). Plaintiff argues

that the Administrative Law Judge's (ALJ) decision is not supported by substantial evidence because he did not accord sufficient weight to evidence of Plaintiff's "well-documented chronic pain for many years," which suggests that Plaintiff "appears to suffer from conditions equivalent to Listing 1.04."  (Pl. Brief 5) (underline in original). She also argues that the ALJ accorded insufficient "weight to the findings and opinions of Dr. Franz," id. at 6, that Plaintiff's condition precludes substantial gainful employment, id. at 7, and that she presented new evidence to the Appeals Council which is material, and that there is good cause for the failure to present it to the ALJ, but the Council erroneously rejected the evidence.  She asks that "[t]he decision of the defendant be reviewed and set aside and that the claim of Ms. Schmidt for a period of disability and disability insurance benefits based upon this application be allowed and that the defendant be ordered to pay such benefits."  (Pl. Brief 9) see also, Complaint (Doc. 1).

The court's review of a decision of the Commissioner of the Social Security Administration is guided by the Act.  Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009).  Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g).  The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard.  Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001).  Substantial evidence is more than a scintilla, but it is less than a preponderance; it is "such relevant evidence as a reasonable

mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971); see also, Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord, Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005); see also, Bowling v. Shalala, 36 F.3d 431, 434 (5th Cir. 1994) (The court "may not reweigh the evidence in the record, nor try the issues de novo, nor substitute [the Court's] judgment for the [Commissioner's], even if the evidence preponderates against the [Commissioner's] decision.") (quoting Harrell v. Bowen, 862 F.2d 471, 475 (5th Cir. 1988)). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether

3

claimant has engaged in substantial gainful activity since the alleged onset, whether she has a severe impairment(s), and whether the severity of her impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's residual functional capacity (RFC). 20 C.F.R. §§ 404.1520(e), 416.920(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, considering the RFC assessed, claimant can perform her past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court considers the issues in the order presented in Plaintiff's Brief and finds no error in the ALJ's decision. But first the court addresses the propriety of Plaintiff's "Motion for Judgment on the Pleadings," and issues related thereto.

## II.     Motion for Judgment on the Pleadings

In 1974, the Tenth Circuit held that in reviewing an agency action under the "substantial evidence" standard, "and where there is 'substantial controversy' as to the 'material facts,' the district court is precluded from entering a Fed.R.Civ.P. 56 type of 'summary judgment.'" Nickol v. United States, 501 F.2d 1389, 1391 (10th Cir. 1974) (discussing review of agency action pursuant to the Administrative Procedure Act). The issue was again addressed by the Tenth Circuit in 1992 in the context of the Social Security Act when reviewing a decision of the Secretary of Health and Human Services denying disability benefits. Hamilton v. Sec'y of Health and Human Serv., 961 F.2d 1495, 1500-04 (10th Cir. 1992) (Kane, Sr. Dist. J., concurring). In Hamilton, the District Court for the District of Kansas granted the Secretary's motion to affirm the decision below, and plaintiff appealed to the Tenth Circuit. Id. at 1497. The appellate court determined that substantial evidence supported the Secretary's decision, and affirmed. Id. at 1500.

In a concurring opinion, Senior District Judge Kane of the District of Colorado discussed problems presented when attempting to resolve social security disability claims pursuant to a motion to affirm, a motion for judgment, or a motion for summary judgment. Id., 961 F.2d at 1501. Specifically, Judge Kane noted that summary judgment is inappropriate both because the district court is acting as the first-tier appellate court and because the court does not apply the summary judgment standard but considers whether the Secretary applied the correct legal standards and whether the record as a

5

whole contains substantial evidence to support the agency's decision. Id. Judge Kane concluded that courts should process social security reviews as appeals--not on motions to affirm or for summary judgment. Id. at 1504.

In 1994, the Tenth Circuit again addressed the use of motions to affirm or motions for summary judgment in seeking review of agency action in the district court. Olenhouse v. Commmodity Credit Corp., 42 F.3d 1560 (10th Cir. 1994). In Olenhouse, the District Court for the District of Kansas had granted the motion of the Agricultural Stabilization and Conservation Service to affirm the agency's decision. Id. at 1564, 1579. In an opinion authored by Judge Kane, the Tenth Circuit discussed the district court's use of motions to affirm and motions for summary judgment in deciding issues presented in reviewing agency actions:

> This process, at its core, is inconsistent with the standards for judicial review of agency action under the APA. The use of motions for summary judgment or so-called motions to affirm permits the issues on appeal to be defined by the appellee and invites (even requires) the reviewing court to rely on evidence outside the administrative record. Each of these impermissible devices works to the disadvantage of the appellant. We have expressly disapproved of the use of this procedure in administrative appeals in the past, and explicitly prohibit it now.

Id. 42 F.3d at 1579-80 (citing Fed.R.Civ.P 56; and Hamilton, 961 F.2d 1495, at 1503-04) (citations omitted). The court held that review of administrative actions must be processed in the district court as appeals. Id. at 1580. The District of Kansas subsequently amended local rule 83.7 to conform with the requirements of Olenhouse. D. Kan. R. 83.7.1 (as amended 3/04, 10/22/98) *available online at*

http://ksd.uscourts.gov/index.php/local-rule/rule-83-7-1-review-of-orders-of-administrative-agencies-boards-commissions-and-officers-including-social-security-appeals/ (last viewed August 16, 2018).

Judicial review of the Commissioner's orders is governed by this local rule. D. Kan. Rule 83.7.1. Pursuant to this rule, a plaintiff is to file a brief within forty-five days after the record is filed with the court, the Commissioner will file a brief in response within thirty days, and the plaintiff may file a reply brief within fourteen days thereafter. Id. 83.7.1(d). The court will then review the Commissioner's decision.

In accordance with controlling precedent as explained above, this court is prohibited from entertaining a motion for judgment in a Social Security case. Plaintiff's "Motion for Judgment on the Pleadings" must, therefore, be denied, and her "Brief of Plaintiff in Support of Her Motion for Judgment on the Pleadings," shall be construed as it was docketed--as "Plaintiff's Social Security Brief."

This is important because in her Reply Brief, Plaintiff argues that the Commissioner failed to directly address Plaintiff's "statements of fact and, thus, they remain undisputed." (Reply 1). Regardless of whether facts in a Social Security case are disputed or otherwise, it is not the court's place to weigh the evidence and decide the facts (or decide whether they are undisputed, as in a summary judgment motion). Rather, as noted above it is the court's responsibility to determine whether the ALJ applied the correct legal standard and whether his factual findings are supported by substantial evidence in the record (such relevant evidence in the record as a reasonable mind might

7

accept as adequate to support a conclusion). Lax, 489 F.3d at 1084; accord, White, 287 F.3d at 905. That is what the court now proceeds to do.

## III.     Listing 1.04

Plaintiff argues that "treating medical sources recorded strong and consistent opinion that claimant suffers disabling pain from" her severe impairments of degenerative joint disease of the lumbar and cervical spine and fibromyalgia/chronic pain syndrome, and that her "well-documented chronic pain for many years," suggests that Plaintiff "appears to suffer from conditions equivalent to Listing 1.04." (Pl. Brief 5) (underline in original). The Commissioner argues that the ALJ reasonably found that Plaintiff's condition did not meet or medically equal Listing 1.04 because Listings are construed strictly, that the record evidence does not show nerve root compression as is required to meet the Listing, that the state agency medical consultants opined that her condition does not medically equal a Listing, and that the record evidence supports that finding. In her Reply Brief, Plaintiff argues that "[t]he essential question for the Court [sic] in this case is whether there is evidence of equivalency," and that "[t]he Commissioner has failed to present persuasive argument or evidence to refute the equivalency shown by the medical record." (Reply 1-2).

### A.     Step Three Standard for Evaluating a Listed Impairment

The Commissioner has provided a "Listing of Impairments" which describes certain impairments that she considers disabling. 20 C.F.R. §§ 404.1525(a), 416.925(a); see also, Pt. 404, Subpt. P, App. 1 (Listing of Impairments). If plaintiff's condition meets

8

or equals the severity of a listed impairment, that impairment is conclusively presumed disabling. Williams, 844 F.2d at 751; see Bowen v. Yuckert, 482 U.S. 137, 141 (1987) (if claimant's impairment "meets or equals one of the listed impairments, the claimant is conclusively presumed to be disabled"). However, Plaintiff "has the burden at step three of demonstrating, through medical evidence, that h[er] impairments 'meet all of the specified medical criteria' contained in a particular listing." Riddle v. Halter, No. 00-7043, 2001 WL 282344 at *1 (10th Cir. Mar. 22, 2001) (quoting Sullivan v. Zebley, 493 U.S. 521, 530 (1990) (emphasis in Zebley)); see also, Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993) (burden shifts to Commissioner only at step five). "An impairment that manifests only some of [the listing] criteria, no matter how severely, does not qualify" to meet or equal the listing. Zebley, 493 U.S. at 530.

"The [Commissioner] explicitly has set the medical criteria defining the listed impairments at a higher level of severity than the statutory standard. The listings define impairments that would prevent an adult, regardless of his age, education, or work experience, from performing any gainful activity, not just 'substantial gainful activity.'" Zebley, 493 U.S. at 532-33 (emphasis in original) (citing 20 C.F.R. § 416.925(a) (1989)). The listings "streamlin[e] the decision process by identifying those claimants whose medical impairments are so severe that it is likely they would be found disabled regardless of their vocational background." Yuckert, 482 U.S. at 153. "Because the Listings, if met, operate to cut off further detailed inquiry, they should not be read expansively." Caviness v. Apfel, 4 F. Supp. 2d 813, 818 (S.D. Ind. 1998).

9

Medical equivalence to a listing may be established by showing that the claimant's impairment(s) "is at least equal in severity and duration to the criteria of any listed impairment." 20 C.F.R. §§ 404.1526(a), 416.926(a). The determination of medical equivalence is made without consideration of vocational factors of age, education, or work experience. 20 C.F.R. §§ 404.1526(c), 416.926(c).

**B.** **Analysis**

Plaintiff has not met her step three burden of establishing that Listing 1.04 is met or medically equaled. She presents the criteria of Listing 1.04A, but she does not point to anything demonstrating that all those criteria are met. She argues that her condition appears to be equivalent to the Listing, and points to Section 1.00 of the musculoskeletal system listings for the proposition that when a claimant's condition does not meet the requirements of a Listing, the Commissioner "will consider medical equivalence." (Pl. Br. 5-6). But she does not explain how the evidence demonstrates that her condition is "equal in severity and duration to the criteria of" that Listing. Moreover, the ALJ specifically recognized Plaintiff's allegation in her Representative's Brief that she appears to meet Listing 1.04,[1] but found that she does not meet the Listing "because she does not have evidence of nerve root compression, spinal arachnoiditis, or lumbar spinal stenosis resulting in pseudoclaudication." (R. 26). He also considered the issue of

---

[1] Plaintiff argued before the Commissioner that her condition appears to meet Listing 1.04, but before this court she has abandoned that argument and now argues only that her condition appears to equal Listing 1.04.

10

equivalence and noted that he accorded substantial weight to the state agency physicians' opinions that Plaintiff's "physical impairments do not meet or medically equal any listed impairment." Id. Plaintiff does not show that either of these findings is erroneous, and has thereby failed to meet her burden to show that her condition meets or medically equals the Listing.

## IV. Dr. Franz's Opinion

Plaintiff's argument that the ALJ gave insufficient weight to Dr. Franz's findings and opinions also fails. She argues that the ALJ "largely dismissed the findings and opinions of Dr. Franz and relied almost exclusively on the opinions of 'State agency medical consultants' who, of course, never examined" her and that "[t]his is clear error, as there is simply no medical evidence in the file to contradict or undermine the findings and opinions of Dr. Franz." (Pl. Br. 6). While Plaintiff is correct that, at least generally speaking, there is no medical evidence contradicting Dr. Franz's treatment notes, and that generally the opinions of treating sources such as Dr. Franz are worthy of more weight than the opinions of non-examining sources, she points to no finding or opinion of Dr. Franz that is contrary to the opinions of the state agency physicians, or the findings of the ALJ. She points out that she has "unquestioned and well-documented chronic pain for many years" and that her reports of a pain level of ten out of ten are frequently documented in Dr. Franz's treatment notes. However, she points to nothing in those treatment notes which indicate that it was Dr. Franz's opinion that Plaintiff's pain is disabling. And, the court finds no such opinion attributable to Dr. Franz. On the other

hand, however, the state agency physicians specifically opined that Plaintiff's condition does not meet or medically equal a Listing and that she has limitations which are not disabling. The ALJ accorded substantial weight to the state agency physicians' opinions that Plaintiff's condition does not meet or medically equal a listing (R. 26), and great weight to their opinions that she is capable of working at a restricted range of light physical exertion. (R. 32). The record evidence supports these findings, and Plaintiff has not shown otherwise.

Moreover, the ALJ found that Plaintiff's allegations regarding the intensity, persistence, and limiting effects of her symptoms are not consistent with the record evidence (R. 27), and she does not allege error in this finding. Instead, Plaintiff argues that Dr. Franz's well-supported findings of chronic pain syndrome make it "unrealistic to expect claimant to perform even at this [sedentary] level" of work. (Pl. Br. 7). However, Plaintiff ignores that the mere diagnosis of pain-producing impairments does not equal disability. As the Commissioner quoted in her Brief, "disability requires more than mere inability to work without pain. 'To be disabling, pain must be so severe, by itself or in conjunction with other impairments, as to preclude any substantial gainful employment.'" Brown v. Bowen, 801 F.2d 361, 362-63 (10th Cir. 1986) (quoting Dumas v. Schweiker, 712 F.2d 1545, 1552 (2d Cir. 1983), and citing Heckler v. Campbell, 461 U.S. 458, 459–60, 103 S.Ct. 1952, 1953–54, 76 L.Ed.2d 66 (1982) (discussion of what constitutes "disability")). Plaintiff has not shown that this record requires finding disabling pain.

V.     **Sentence Six Remand**

Plaintiff quotes sentence six of 42 U.S.C. § 405(g), for the proposition that the court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." She points out that she submitted 25 pages of medical evidence covering the period March 10 through June 9, 2017 to the Appeals Council, seeking review of the ALJ's hearing decision, and the Council refused to consider that evidence because it related to a period after the ALJ decision, dated September 30, 2016. She cites the case of Padilla v. Colvin, 525 F. App'x 710 (10th Cir. 2013), and implies that in this case, as in Padilla, the additional evidence submitted relates to the time period before the ALJ's decision.

On its face, medical evidence dated after the date of the ALJ's decision relates to a period after that decision. However, as in Padilla, the evidence may relate back to the time before the decision, and such a case must be remanded to the Commissioner for consideration of the evidence. The difference between Padilla and this case is that in Padilla the medical evidence at issue was included in the record before the court; Padilla, 525 F. App'x at 711 (quoting a psychological report in the record at Aplt.App. I at 226); whereas the administrative record in this case does not contain the evidence at issue, and Plaintiff did not provide a copy of that evidence to the court for its consideration. Therefore, she has not made "a showing that there is new evidence which is material and

13

that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding," as is required by sentence six of 42 U.S.C. § 405(g).

Plaintiff has shown no error in the ALJ's decision.

**IT IS THEREFORE ORDERED** that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) AFFIRMING the Commissioner's final decision.

Dated August 22, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**