# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

CAROLYN SUE SCHMIDT,            )
                                )
      Plaintiff,              )
                                )   CIVIL ACTION
v.                              )
                                )   No. 17-4105-JWL
NANCY A. BERRYHILL,             )
Acting Commissioner of Social Security, )
                                )
      Defendant.             )
_____)

## ORDER DENYING RULE 59 MOTION

The court issued a Memorandum and Order affirming a decision of the Acting Commissioner of the Social Security Administration (hereinafter Commissioner) on August 22, 2018, and it entered judgment in this case the same day. (Docs. 17, 18). On August 23, 2018, Plaintiff filed a "Motion for New Trial" pursuant to Federal Rule of Civil Procedure 59, arguing that in deciding Plaintiff's request for a sentence six remand the court had apparently overlooked certain new evidence presented to but rejected by the Appeals Council. (Doc. 19) (hereinafter Pl. Mot.) The Commissioner responded on August 29, 2018, arguing that Plaintiff's motion should be denied because the new evidence was not material to the Commissioner's decision on September 30, 2016. (Doc. 20) (hereinafter Response). That same day, Plaintiff filed a Reply in which she argued

that the court had not passed on the issue of materiality in its Memorandum and Order, that the new evidence is material, and that the case should be remanded to the Commissioner to consider the new evidence. (Doc. 21) (hereinafter Reply). Plaintiff's motion is ripe for decision.

As the Commissioner points out, there was no trial in this case, so a motion for new trial is not the appropriate vehicle to seek redress of the error alleged. (Response 1). However, Rule 59(e) contemplates a motion to alter or amend judgment which is appropriate to address the error alleged. Servants of the Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000) ("the need to correct clear error or prevent manifest injustice"). Therefore, the court treats Plaintiff's motion as a motion to alter or amend judgment to correct clear error. Alpenglow Botanicals, LLC v. United States, 894 F.3d 1187, 1203 (10th Cir. 2018) (citing Servants of the Paraclete, at 1012). "A Rule 59(e) motion should be granted 'only if the moving party can present new facts or clear errors of law that compel a change in the court's prior ruling.'" U.S. ex rel. Trujillo v. Grp. 4 Falck, No. 2:02-CV-162 TC, 2006 WL 3254469, at *1 (D. Utah Nov. 8, 2006), aff'd, 244 F. App'x 853 (10th Cir. 2007) (emphasis in Trujillo) (quoting Bao Ge v. Li Peng, 201 F. Supp. 2d 14, 26 (D.D.C. 2001)).

Although the court acknowledges error in failing to consider the supplemental record filed by the Commissioner on February 22, 2018 (Doc. 14), it has now considered that record, and finds that it would not change the decision in its Memorandum and Order

filed on August 22, 2018.  Therefore, Plaintiff's motion to alter or amend judgment must be denied.

In her Social Security Brief, Plaintiff quoted sentence six of 42 U.S.C. § 405(g), for the proposition that the court may "at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding."  The new evidence upon which Plaintiff sought sentence six remand consists of 25 pages of medical records covering the period March 10 through June 9, 2017, sent to the Appeals Council when seeking review of the ALJ's hearing decision.  The Council refused to consider that evidence, finding that it related to a period after the ALJ's decision, dated September 30, 2016.  Plaintiff cites the case of Padilla v. Colvin, 525 F. App'x 710 (10th Cir. 2013), and implies that in this case, as in Padilla, the additional evidence submitted relates to the time before the ALJ's decision.

As Plaintiff points out, the Appeals Council discussed the additional evidence dated after the ALJ's decision, and explained how it was handled:

> You submitted records from St. Francis Physician Network dated March 10, 2017 through June 9, 2017 (25 pages).  The Administrative Law Judge decided your case through September 30, 2016.  This additional evidence does not relate to the period at issue.  Therefore, it does not affect the decision about whether you were disabled beginning on or before September 30, 2016.
>
> If you want us to consider whether you were disabled after September 30, 2016, you need to apply again.

(R. 2).

On its face, medical evidence dated after the date of the ALJ's decision relates to a period after that decision.  However, in Padilla, the evidence related back to the time before the ALJ decision, and as such, the case was remanded to the Commissioner for consideration of the evidence.  Padilla, 525 F. App'x at 713 ("we agree that the reports are temporally relevant").

In Padilla, there was an audiology report in the new evidence which found Mr. Padilla had "considerable hearing problems" and confirmed his testimony at the ALJ hearing that he had hearing loss.  Id., 525 F. App'x at 712-13.  There was also a psychological report in the new evidence which revealed that Mr. Padilla had a full scale IQ score of 67, a "major depressive disorder, anxiety, and a few different learning impairments, illiteracy among them."  Id., 525 F. App'x at 713.  The Padilla court recognized Mr. Padilla's argument that the ALJ's RFC included only exertional (physical), not non-exertional (mental or hearing) limitations.  Id., at 712.  The Padilla court found the reports were not cumulative of evidence in the record and agreed with Mr. Padilla that the reports "are all indicative of nonexertional limitations that could reasonably have changed the outcome."  Id., at 713.  The court agreed the reports were temporally relevant (they "relate[] to the period on or before the date of the [ALJ's] hearing decision") because they corroborate Mr. Padilla's testimony about, and his doctor's diagnosis of, anxiety; relate to and augment his doctor's report that he could not read or write; and support his testimony of hearing loss.  Id.

Here, the evidence, consisting of Plaintiff's treatment notes from March 10 through June 9, 2017 is "new" in the sense that it was not in existence at the time of the hearing decision. But for that very reason it does not relate to the period at issue. Those records are quite similar to Dr. Franz's treatment records from the period at issue, and to that extent they are merely cumulative and are not new within the meaning of the regulation regarding consideration by the Appeals Council, and would not have changed the ALJ's decision. The extent to which they reflect greater problems with Plaintiff's condition than do the earlier records is the only extent to which they might change the decision. But, in that case there must be something about the new records to indicate that the greater problems reflected in them were present during, or relate back to, the time before the ALJ's decision issued. There is nothing.

For example, the treatment note dated March 10, 2017 reveals that Plaintiff

> states that her pain is now becoming Centralized [sic] pain. P[atien]t states that she takes medication as directed but keeps running out due to break thru pain and the fact that the patches are not staying on skin well at all. P[atien]t states that at this time she is not getting any relief with her break through pain.

(R. 729). This note reveals that Plaintiff's condition (at least as reported by her) has become worse after the period covered by the ALJ's decision--her pain has become centralized pain and is now increased to the point that she cannot control breakthrough pain. This is a change in her condition since the decision, and the treatment notes do not relate back to the period before the decision. The same treatment note also reveals "increasing radicular pain in bilateral legs with known hx [(history)] of lumbar stenosis."

5

(R. 736). Dr. Franz diagnosed lumbar canal stenosis and radiculopathy of the leg, and requested a CT myelogram. Id. This also indicates a worsening after the ALJ's decision.

The ALJ's decision concerns Plaintiff's condition through the date of that decision. The new evidence must relate back to before that date. Plaintiff has not shown that it does so. That is why the Appeals Council explained to her, "If you want us to consider whether you were disabled after September 30, 2016, you need to apply again." She has not made "a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding," as is required by sentence six of 42 U.S.C. § 405(g).

IT IS THEREFORE ORDERED that Plaintiff's motion to alter or amend judgment (Doc. 19) is DENIED.

Copies of this order shall be provided to counsel of record for the parties.

Dated September 21, 2018, at Kansas City, Kansas.

s:/ John W. Lungstrum
**John W. Lungstrum**
**United States District Judge**